**Myrna Yvette OVIATT, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SE-CURITY ADMINISTRATION, Defendant–Appellee.**

No. 07–35462.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 2008.*

Filed Dec. 16, 2008.

Alan Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

Neil J. Evans, Esq., USPO–Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., Franco Becia, Esq., SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: O'SCANNLAIN, GRABER and BYBEE, Circuit Judges.

## MEMORANDUM [**]

Myrna Oviatt appeals a district court judgment rejecting her challenge to an administrative law judge's ("ALJ") decision denying her claim for social security benefits. Although the ALJ concluded that Oviatt was disabled after proceeding through the five-step evaluation process, the ALJ denied Oviatt's claim because of her drug addiction and alcoholism. *See* 20 C.F.R. § 404.1535(b). Oviatt argues on appeal that the ALJ erred by (1) finding that her drug addiction and alcoholism were material to her disability at step five and (2) finding that she did not meet the criteria of a listing for mental retardation at step three.[1] The facts and procedural history are known to the parties, and we do not repeat them here. For the reasons discussed below, we affirm the judgment of the district court.[2]

### A. *Materiality of Drug Addiction and Alcoholism*

"An individual shall not be considered to be disabled ... if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Drug addiction or alcoholism is material if the limitations that formed the basis of the Commissioner's disability determination would no longer be present if the claimant stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b); *Ball v. Massanari,* 254 F.3d 817, 821 (9th Cir.2001). "[T]he claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Parra v. Astrue,* 481 F.3d 742, 748 (9th Cir.2007) (emphasis omitted), *cert. denied,* — U.S. ——, 128 S.Ct. 1068, 169 L.Ed.2d 808 (2008). Oviatt argues that she met her burden through her prison records and the opinions of two medical experts and that the ALJ erred in rejecting this evidence.

### 1. Prison Records

■ Oviatt's records from prison are inconclusive regarding the extent of her impairments and her ability to carry out substantial work. Although the evidence shows that Oviatt complained of a variety of mental and emotional problems during her incarceration, the record also indicates that at some times she was positive, able to socialize with peers, and able to engage

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1]. The ALJ also specifically discredited Oviatt's testimony before the agency but Oviatt does not appeal that decision here.

[2]. The panel reviews de novo a district court order upholding the Commissioner's decision. *Hoopai v. Astrue,* 499 F.3d 1071, 1074 (9th Cir.2007). "The decision of the Commission-er must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards." *Id.* Substantial evidence means more than a scintilla but less than a preponderance. *Desrosiers v. Sec'y of HHS,* 846 F.2d 573, 576 (9th Cir. 1988). In other words, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. SSA,* 466 F.3d 880, 882 (9th Cir.2006).

in conversation. In addition, at least one doctor noted that some of Oviatt's complaints were contradicted by the observations of correctional officers. Similarly, although Oviatt testified at trial that her janitorial work during incarceration was not significant employment, her prison records indicate that she was required to clean, sweep, and carry a five-gallon bucket of water and that she performed this work every weekday. Although this evidence could have been weighed differently, we find that based on the prison records the ALJ reasonably concluded that Oviatt did not meet her burden: without her drug addiction and alcoholism it was reasonable to conclude Oviatt would no longer be disabled. *See id.* at 748.

### 2. Medical Opinions

Oviatt argues that the ALJ improperly discredited the opinions of Dr. Donna C. Wicher and Frank P. Colistro, Ed.D., in concluding that her drug and alcohol addictions were material to her disability. The ALJ is charged with resolving conflicting and ambiguous medical testimony. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). When there is conflicting medical testimony, the ALJ must provide specific and legitimate reasons, supported by substantial evidence, for rejecting the opinion of medical experts. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes,* 881 F.2d at 751 (internal quotation marks omitted).

### a. Dr. Wicher

■ The ALJ provided the following reasons for discrediting Wicher's opinion regarding the extent of Oviatt's limitations: Oviatt exaggerated her claims during her examination, Oviatt failed to give a full effort during the testing, Wicher failed to take Oviatt's drug use into account, and Wicher based some of her conclusions on Oviatt's subjective reports. We find these reasons sufficient for rejecting Wicher's conclusions, and we find substantial evidence supporting the ALJ's reasoning in the record. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001). Moreover, Wicher's opinion actually provides additional support for the ALJ's ultimate conclusion. Wicher specifically stated that "[i]f [Oviatt] can remain abstinent from substance abuse and follow her prescribed medication regimen, her chances of achieving greater stability and being able to join the legitimate work force will be greatly enhanced."

### b. Colistro

■ Colistro specifically concluded that Oviatt's limitations were not a result of her current or past substance abuse or dependence. The ALJ rejected this opinion because it was based solely on Oviatt's subjective complaints and Colistro did not review any of Oviatt's medical records; therefore, Colistro was not aware of Oviatt's true history of drug use, her attempts to exaggerate her symptoms, or her current level of abuse. Indeed, Colistro's opinion regarding Oviatt's ability to work without the influence of drugs or alcohol appears to rest entirely on Oviatt's subjective report of her history, a report that conflicts with other evidence in the record. We find that the ALJ provided sufficient reasons, supported by substantial evidence, for rejecting Colistro's conclusion.

### B. *Listing 12.05(C)*

■ Oviatt argues that the ALJ erred at step three by failing to conclude that her impairments meet or equal the listing

in 20 C.F.R. part 404, subpart P, appendix 1, listing 12.05 for mental retardation. A claimant has the burden at step three to prove that she has an impairment that meets or equals the criteria listed in appendix 1. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir.2005). Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. part 404, subpart P, appendix 1, listing 12.05. The listing provides four different ways for the claimant to prove mental retardation. Here, Oviatt relies on subsection C which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

The ALJ concluded that Oviatt failed to satisfy her burden because (1) the IQ results she provided were questionable (due to her lack of effort, the influence of substance abuse, and exaggeration of symptoms), (2) the IQ tests were administered twelve to fourteen years after the relevant time period under the statute, and (3) her poor performance in school prior to the age of twenty-two was a reflection of drug and alcohol abuse and lifestyle choices. We find that these reasons are supported by substantial evidence in the record and are sufficient for rejecting Oviatt's claims. Based on Oviatt's history of exaggeration and evidence that Oviatt had actually lowered her IQ scores due to a lack of effort, it was reasonable for the ALJ to discredit the IQ scores from Wicher and Colistro. Similarly, based on Oviatt's lifestyle

choices during her youth—including drug use, alcohol use, prostitution, and gang involvement—it was not unreasonable for the ALJ to conclude that Oviatt's poor performance in school was not a reflection of a mental deficit. In sum, the ALJ came to a reasonable conclusion based on the evidence in the record, and that ends our inquiry on appeal. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005) ("If the record would support more than one rational interpretation, we defer to the ALJ's decision.").[3]

Accordingly, we **AFFIRM** the judgment of the district court.

---

**3.** Oviatt also asks the court to order the Commissioner to reopen her prior social security application, dated August 14, 2001, with instructions to pay disability benefits from that date. Because we conclude that Oviatt is not entitled to benefits, we need not decide whether to issue an order directing payment from August 14, 2001.